a re-enactment of section 2, c. 262, Laws .1859, and that the latter section had no application to actions for the recovery of damages for negligence. Such section reads as follows: "Sec. 2. No costs, fees, disbursements, or allowance shall be recovered or inserted in. any judgment against municipal corporations, unless the claim upon which such judgment is founded shall have been presented for payment to the chief fiscal officer of said corporation before the commencement of an action thereon." There are a long line of authorities in the courts holding that the word "claim," in the above statute, did not refer to case for damages for negligence. In *Taylor* v. *City of Cohoes*, 105 N. Y. 54, 11 N. E. Rep. 282, the court say: "Under that section of the law, this court substantially held that cases for the recovery of damages for injuries sustained by reason of the negligence of the servant of a municipal corporation were not within the purview. *McClure* v. *Supervisors*, 3 Abb. Dec. 83; *Howell* v. *City of Buffalo*, 15 N. Y. 512; *McGaffin* v. *City of Cohoes*, 74 N. Y 387. All of these cases did not arise under the·act of 1859, but the principle decided by them is as stated." In order to ascertain the principle decided it is proper to refer to the case of *McClure* v. *Supervisors*, 3 Abb. Dec. 83, where the plaintiff sued the county of Niagara to recover damages for property destroyed by a mob, and Judge DAVIES holds as follows: "The provisions in the act of 1859 were clearly intended to protect municipal corporations from the payment of costs for demands which in their nature were capable of audit, and which the authorities were authorized to pay on presentation and adjustment. I am of opinion, on the foregoing authorities, that the word 'claims,' in the act in question, only referred to claims arising on contract; and this construction is borne out by the words of the second section, 'account or claim.'" The case of *Quinlan* v. *City of Utica*, 11 Hun, 217, 221, affirmed in court of appeals, (74 N. Y. 603,) seems directly in point. Judge SMITH, in construing the words "all claims and accounts" in the charter of the city of Utica, says: "The term 'accounts' is applicable to matters of contract and not of tort; and, according to the maxim, '*noscitur a sociis*,' the word 'claim,' thus used, has the like meaning." By ·reference to the charter of this city, (title 4,) it appears that the comptroller had no power to adjust or pay the demand of the plaintiff in this action, and I can see no reason why the act should be construed to mean all demands, whether on contract or in tort, in view of the fact that the courts have repeatedly held that the word "claim" in a city charter, or in the act of 1859, simply referred to a contract debt. The demurrer must be overruled, with costs, with leave to defendant to answer in the usual terms.

---

## *In re* HASTINGS' ESTATE.

(*Surrogate's Court, New York County.* May 23, 1888.)

EXECUTORS AND ADMINISTRATORS—PROBATE PRACTICE—DISCOVERY OF PROPERTY.

Under Code Civil Proc. N. Y. § 2710, providing that in case a person cited to answer concerning the whereabouts of personal property of a deceased person "shall interpose a written answer, duly verified, that he is the owner of said property, or is entitled to the possession thereof by virtue of any lien thereon, or special property therein, the surrogate shall dismiss the proceedings as to such property so claimed," an answer to a petition by an executrix for such citation, which alleges that the only property in respondent's posséssion was and is certain ornaments given to respondent by testator, who was engaged to be married to respondent; that the same is her own property, in which the executrix has no title or interest; and that respondent has no property of any kind belonging to testator's estate,—is insufficient to entitle respondent to dismissal of the proceeding.

On application for an order directing respondent to answer concerning certain personal property of testator.

*E. A. S. Mann*, for petitioner. *Abram Kling*, (*Charles E. O'Connor*, of counsel,) for respondent.

RANSOM, Surr. This is an application, under section 2706, by executrix of deceased, for an order directing respondent to submit to an examination as. to the whereabouts of certain personal property of deceased. The personal. property which is sought is described at length in the petition. The respondent. obtained an order for executrix to show cause why the proceeding should not. be vacated, and filed an answer to the petition; alleging that the only chattels or property of any kind in the possession of this respondent were and are such ornaments which were, preceding the death of said Ernest Hastings, given to this respondent by said decedent, who was at said time engaged to be married to this respondent, and that the same is her own property; and that the said Edith Hastings, as executrix, has no title or interest therein; and that she has no books or papers or property of any kind belonging to said estate of Ernest Hastings. The Code provides, (section 2710:) "In case the person so cited shall interpose a written answer, duly verified, that he is the owner of said property, or is entitled to the possession thereof by virtue of any lien thereon or special property therein, the surrogate shall dismiss the proceedings as to such property so claimed."

I do not think the answer interposed by respondent is sufficient. It is too general. She does not allege that she is the owner or is entitled to the possession of the specific property described in the petition by virtue of any lien thereon, or special property therein; and the allegation that she has no books. or papers or property of any kind belonging to the decedent's estate would not be sufficient to dismiss the petitioner's proceeding; for, in order to do this,. it must appear in the answer that the respondent has possession of the specific property described in the petition, but is the owner of it. The motion for discovery is granted. The motion to vacate and set aside order and citation. for the examination of respondent is denied.

---

## In re MULL'S ESTATE.

*(Surrogate's Court, New York County. May 24, 1888.)*

EXECUTORS AND ADMINISTRATORS—ACTIONS AGAINST—COSTS—PERSONAL LIABILITY.
  Where the executor of the estate of his deceased partner denied the existence of any assets, and on final settlement he was found chargeable with a large amount,. he is personally liable for the costs of the proceeding.

On motion for adjustment of costs.

J. H. Whitlegge, for petitioner. E. W. Chamberlain, for C. E. Mull et al. Leeds & Morse, for legatee, E. Horve. Austin J. Perry, for executor,. George B. Lawton.

RANSOM, Surr. The rule laid down for the guidance of the exercise of the discretion of the surrogate in a case of this character is well stated in 3 Williams, Ex'rs, (6th Amer. Ed.) 2146: "Where, upon the final settlement of an estate, a contest arises between the administrator and distributees as to whether a particular fund is assets of the estate, or belongs to the administrator individually, and the decision is made in favor of the distributees, the administrator is personally liable for the cost of the proceeding." It is more briefly set forth in 2 Daniell, Ch. Pr. (5th Amer. Ed.) 1419, as follows: "An executor will be liable to costs if he denies assets, and the contrary is proved. against him." The fund in dispute here consists of the partnership property, the executor having consistently and continually denied the interest of the decedent therein. He originally denied the existence of any assets except two pieces of real estate, one of which was a leasehold property, and before the first referee (Mr. Webster) obtained a report that there was an indebtedness. of several thousand dollars due to him from the estate, and that there was nothing which could go to the legatees. This report was excepted to and overruled, the court holding that the partnership continued till the death of